IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-00017-BR
No. 7:20-CV-48-BR

| | |
|---|---|
| ANTONIO PIERRE SHUFFORD<br><br>v.<br><br>UNITED STATES OF AMERICA | ORDER |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 59.) Petitioner filed a response in opposition to the motion. (DE # 64.)

In 2018, pursuant to a plea agreement, petitioner pled guilty to possession with the intent to distribute 28 grams or more of cocaine base and a quantity of oxycodone. (DE # 23.) The court sentenced him to 144 months imprisonment. Defendant appealed, and the Fourth Circuit Court of Appeals dismissed the appeal. (DE # 46.) On 23 March 2020, petitioner timely filed his § 2255 motion. (DE # 56.) In response, the government filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

In his § 2255 motion, petitioner alleges prosecutorial misconduct not known to him at the time of his guilty plea and ineffective assistance of counsel at sentencing. (Mot., DE # 56, at 4-5.) He requests that the court vacate his conviction and sentence or, alternatively, vacate only his sentence and resentence him. (Id. at 12.) Also, he requests the appointment of counsel. (Mem., DE # 56-1, at 5.)

Petitioner first claims that that his conviction is tainted by prosecutorial misconduct. In support of this claim, he relies on news reports from February 2019 stating that the Wilmington, North Carolina Police Department terminated William Peltzer, a forensic chemist who served as the primary analyst in this case, for violating department policies by claiming he had calibrated machines used to detect narcotics when he had not. (Mem., DE # 56-1, at 2.) It was also reported that as a result of Peltzer's misconduct, the local District Attorney's office was reviewing three and one-half years of drug cases. (Id.) According to petitioner, neither he nor his counsel were aware of Peltzer's misconduct at the time of his guilty plea, and such "misconduct raises serious questions about the evidence against [him] in this case, which in turn implicates due process concerns." (Id. at 3.) The government argues "[p]etitioner fails to state a claim of prosecutorial misconduct because there are no facts alleged that false evidence was knowingly used that would have affected the outcome of his case." (Mem., DE # 60, at 6.) The court agrees.

Due process mandates that the government "not knowingly use false evidence . . . to obtain a tainted conviction." Napue v. Illinois, 360 U.S. 264, 269 (1959). A claim of prosecutorial

2

misconduct requires a showing that the prosecutor's "conduct so infected the [proceeding] with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks and citation omitted). "The test for reversible prosecutorial misconduct has two components; first, the defendant must show that the prosecutor's . . . conduct [was] improper and, second, the defendant must show that such . . . conduct prejudicially affected his substantial rights . . . ." Id. (citation omitted). Petitioner's claim fails on both grounds.

First, petitioner has not alleged facts suggesting Peltzer falsified evidence relating to this case nor has he alleged facts suggesting the prosecutor knew or should have known of any misconduct by Peltzer. Second, assuming the prosecutor engaged in improper conduct, petitioner cannot show any resulting prejudice. Despite petitioner's statement to the contrary, (see Resp., DE # 64, at 5), the court concludes there is no reasonable probability that petitioner would have not pled guilty if he had been aware of Peltzer's misconduct. Peltzer's misconduct, if any in this case, would have gone to identification and measurement of the controlled substances seized. In his plea agreement, petitioner stipulated to the controlled substances involved (cocaine base and oxycodone) and to their relevant quantities. (DE # 23, at 7.) Also, at sentencing, petitioner did not object to these same controlled substances and quantities, which the court used to determine his base offense level to calculate the applicable guideline range. (See PSR, DE # 30, at 11, 15-18.) Because petitioner, in effect, admitted to the controlled substances and quantities, any misconduct by Peltzer or the prosecutor did not prejudice him. Accordingly, petitioner has failed to state a claim for prosecutorial misconduct.

In his second claim, petitioner alleges his counsel was ineffective for failing to object at sentencing to the career offender designation on the ground that his 1999 state convictions are

3

related to his 2001 federal conviction for possession with intent to distribute cocaine, cocaine base, and marijuana. (Mem., DE # 56-1, at 4; Resp., DE # 64, at 6.) Therefore, according to petitioner, the 1999 convictions should not have received any criminal history points and were not proper career offender predicates. (Id.)

> To establish a claim of ineffective assistance of counsel, a defendant must show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. 2052. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Higgs*, 663 F.3d 726, 739 (4th Cir.2011).
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015).

The convictions about which petitioner complains occurred on 10 June 1999. Petitioner was convicted in state court of two counts of possession with intent to sell and deliver cocaine and one count of selling cocaine and was sentenced to 10 to 12 months custody. (PSR, DE # 30, ¶ 19.) This prior sentence of imprisonment properly received two criminal history points because it was at least 60 days, for conduct not part of the instant offense, and imposed within 10 years of petitioner's commencement of the instant offense. See U.S.S.G. §§ 4A1.1(b), 4A1.2(a)(1), (e)(2). Out of petitioner's 1999 convictions, only the conviction for selling cocaine was designated as a career offender predicate, (PSR, DE # 30, at 18), and properly so because it is a controlled substance offense for which petitioner could have been imprisoned more than one year, (see id.).

4

As such, counsel did not act deficiently in failing to object to the 1999 convictions on this basis, and petitioner has failed to state an ineffective assistance of counsel claim.

For the foregoing reasons, the government's motion to dismiss is ALLOWED. The § 2255 motion is DISMISSED, and petitioner's request for appointment of counsel is DENIED as moot. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to send petitioner a copy of this order and close this case.

This 5 August 2020.

_____
W. Earl Britt
Senior U.S. District Judge